IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,349-01






EX PARTE JEREMY PRATT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2010-0180-E IN THE 367TH DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant to a plea agreement, Applicant was
convicted of murder and was sentenced to thirty-five years' imprisonment. He did not appeal his
conviction.

 Applicant alleges ineffective assistance of trial counsel (IAC), complaining of counsel's 
investigation of an alleged accomplice and counsel's not seeking a competency examination. He also
alleges prosecutorial misconduct for not investigating the accomplice.

 The IAC-competency claim and the claim questioning the adequacy of the State's
investigation of the accomplice are without merit. In regard to the IAC-accomplice claim, however,
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000).

 Applicant complains trial counsel failed to interview a witness named Sidd Mohammad, who
according to Applicant was the victim's son, was an accomplice to the offense, and was Applicant's
best friend, even though Applicant told counsel of Mr. Mohammad. He contends Mr. Mohammad
hired him to kill the victim, and he contends the only evidence the State could have presented against
him at trial would have come from this accomplice. Because "A conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed . . . ." Tex. Code Crim. Proc. art. 38.14, Applicant contends he could
not have been convicted of the murder with the evidence against him. Consequently, he argues
counsel was ineffective for not advising him of this fact and for allowing him to plead guilty. There
is no affidavit from trial counsel addressing whether there was an alleged accomplice, whether
Applicant informed him of the alleged accomplice, whether counsel investigated the matter, and
whether and how counsel advised Applicant on the issue.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order Applicant's trial counsel to respond to Applicant's claim of ineffective
assistance regarding the alleged accomplice and explain his investigation of and trial strategy
regarding the issue. In addition to obtaining this affidavit, the trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve factual issues. In the appropriate case, the
trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 4, 2012

Do not publish